**Lauretta L. MINTZMYER, Petitioner,**

v.

**DEPARTMENT OF the INTERIOR, Respondent.**

No. 95–3665.

United States Court of Appeals, Federal Circuit.

May 16, 1996.

Paul J. Ruskin, Douglaston, New York, argued, for petitioner. With him on the brief was Carl J. Hartmann, New York City, of counsel.

William P. Donovan, Jr., Attorney, Commercial Litigation Branch, Department of Justice, Washington, D.C., argued, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Joseph A. Kijewski, Assistant Director. Also on the brief was Patricia M. Miller, Office of the Solicitor, Department of the Interior, Washington, D.C., of counsel.

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

MAYER, Circuit Judge.

Lauretta L. Mintzmyer petitions for review of a final decision of the Merit Systems Protection Board, No. DE1221930414–W–4, dismissing her individual right of action appeal. We affirm.

*Background*

In 1980, Mintzmyer became the Regional Director of the Rocky Mountain Region of the National Park Service, a bureau within the United States Department of the Interior (agency). As such, she was in the Senior Executive Service working in Denver, Colorado. In October 1991, Mintzmyer and two other directors of different regions were part of a three-way rotation, in which Mintzmyer was reassigned as Regional Director of the Mid–Atlantic Region in Philadelphia, Pennsylvania.

Displeased with her transfer, Mintzmyer filed an Equal Employment Opportunity complaint with the agency, claiming that her reassignment was due to gender and age discrimination and was in retaliation for whistleblowing. In April 1992, Mintzmyer retired. She then amended her EEO complaint to allege that she had been coerced into retiring for the same reasons.

In October 1992, Mintzmyer filed a complaint against the agency in the United States District Court for the District of Colorado, alleging, *inter alia,* violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a); and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1)-(2). The case was transferred to the United States District Court for the District of Columbia.

Then, in January 1993, Mintzmyer filed a complaint with the United States Office of Special Counsel, alleging that she had been reassigned and constructively discharged in reprisal for making protected disclosures under the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989) (codified at scattered sections of Title 5, United States Code) (WPA). The Office of Special Counsel notified Mintzmyer in March 1993 that she had not made any protected disclosures within the meaning of that act.

*See* 5 U.S.C. § 2302(b)(8) (1994). Nor did it find any apparent nexus between the disclosures she claimed were protected and personnel actions allegedly taken against her.

Mintzmyer then filed an individual right of action (IRA) appeal to the Merit Systems Protection Board. The administrative judge found that the relief sought and factual allegations in both the board appeal and the district court action were virtually identical. Consequently, he dismissed the appeal without prejudice because of the potential collateral estoppel implications of the pending case in district court.

On January 12, 1995, the district court entered judgment in favor of the agency on seven of Mintzmyer's eight claims, but awarded her $5,025 for a year-end bonus it found she was wrongfully denied in reprisal for filing a discrimination complaint against the agency. *See Mintzmyer v. Babbitt,* No. 93–0773(GK), 1995 WL 25342 (D.D.C. Jan. 12, 1995). The court expressly rejected Mintzmyer's claim that she had been constructively discharged for filing a discrimination complaint against the agency. *Id.,* slip op. at 43–46.

Mintzmyer then refiled her IRA appeal to the board, which dismissed it. The administrative judge held that the board had no jurisdiction over four alleged retaliatory agency actions that she had not raised initially before the Office of Special Counsel. Alternatively, he ruled that only one of those additional four actions involved an appealable "personnel action." He held further that her claim that she had been constructively removed in reprisal for whistleblowing was collaterally estopped by the district court's holding that she had not been constructively discharged in retaliation for having filed age and sex discrimination complaints against the agency. The administrative judge also held that she was collaterally estopped from relitigating her claims that she had been denied a bonus and step increase because of whistleblowing. Mintzmyer's final claim, that the agency reassigned her in reprisal for whistleblowing, was dismissed as moot because the board could provide her no meaningful relief after she had voluntarily retired. The initial decision became final on June 15, 1995, when

the full board denied Mintzmyer's petition for review. 5 C.F.R. § 1201.113(b) (1995).

On appeal, Mintzmyer first argues that the board improperly dismissed the four claims it found had not been raised before the Office of Special Counsel. Second, she challenges the board's determination that her constructive removal claim was collaterally estopped by the district court's holding.

## Discussion

We review the board's decision within precisely defined statutory limits. *See Hayes v. Department of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). We must affirm its decision to dismiss Mintzmyer's appeal unless she shows it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Mintzmyer has not met this burden.

### A.

■ Mintzmyer first argues that the board erred as a factual matter in finding that she had failed to take four of the eight acts of whistleblower reprisal to the Office of Special Counsel. Consequently, she asserts that the board wrongfully dismissed those claims.

The WPA prohibits government personnel actions taken against an employee in reprisal for whistleblowing. 5 U.S.C. § 2302(b)(8) (1994); *Horton v. Department of Navy,* 66 F.3d 279, 282 (Fed.Cir.1995); *Ward v. Merit Sys. Protection Bd.,* 981 F.2d 521, 523 (Fed. Cir.1992). Except when there exists an independent right to appeal an adverse personnel action directly to the board, an employee or former employee aggrieved by the action must first seek corrective action from the Office of Special Counsel. 5 U.S.C. §§ 1214(a)(3), 1221(b) (1994); *Knollenberg v. Merit Sys. Protection Bd.,* 953 F.2d 623, 625–26 (Fed.Cir.1992). Only after the Office of Special Counsel has notified the employee or former employee that it has terminated its

investigation or has failed to commit to pursuing corrective action within 120 days may that person file an IRA appeal, under 5 U.S.C. § 1221, to the board. 5 U.S.C. § 1214(a)(3); *Ellison v. Merit Sys. Protection Bd.,* 7 F.3d 1031, 1036 (Fed.Cir.1993); *Knollenberg,* 953 F.2d at 625–26.

At the Office of Special Counsel, Mintzmyer argued that the agency had taken the following personnel actions against her in reprisal for whistleblowing: (1) reassigned her; (2) denied her a salary step increase; (3) denied her a bonus; and (4) constructively discharged her through a course of "harassing and retaliatory behavior." Before the board, Mintzmyer alleged that the agency also had taken the following "retaliatory actions": (1) threatened to reprimand her; (2) continuously threatened her with "prosecution"; (3) made several false and slanderous statements "with regard to actions taken against and by" her; and (4) declared that she was a threat to President George Bush just prior to a visit he made to the Mid–Atlantic Region.

Mintzmyer, who has the burden of establishing the board's jurisdiction over her IRA appeal, *see Cruz v. Department of Navy,* 934 F.2d 1240, 1244 (Fed.Cir.1991) (in banc), does not argue that the four claims dismissed as newly raised were directly appealable to the board and thus within its jurisdiction. Rather, she points to the allegation in her complaint filed with the Office of Special Counsel that she was "subjected to constructive discharge by harassing and retaliatory behavior" in arguing that she had raised these claims previously. But she did not raise these four alleged agency actions as independent personnel actions taken against her before the Office of Special Counsel. Mintzmyer was required "to articulate with reasonable clarity and precision the basis for [her] request for corrective action under the WPA" to the Office of Special Counsel. *Ellison,* 7 F.3d at 1037; *see also Ward,* 981 F.2d at 526. Her failure to do so deprived the board of jurisdiction over these four claims; thus, its dismissal was proper.*

---

* In light of this holding, we need not address whether these claims constitute appealable per-

sonnel· actions under 5 U.S.C. §§ 1221(a), 2302(b)(8).

### B.

Mintzmyer next argues that the board erred in holding that she was collaterally estopped from litigating that her retirement constituted a constructive discharge in reprisal for whistleblowing. She contends that the district court addressed only whether she had been constructively discharged because of age and gender discrimination, not whistleblowing. She sees these as different issues based on related, but different, facts. While she is correct that a discrimination claim is distinct from a whistleblowing claim, the ultimate issue in both claims is whether Mintzmyer retired under such intolerable working conditions that her retirement constituted a constructive discharge by the agency. That was fully litigated in the district court.

A retirement or resignation "is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction." *Braun v. Department of Veterans Affairs*, 50 F.3d 1005, 1007 (Fed.Cir.1995); *see also Cruz*, 934 F.2d at 1244. However, the board does have jurisdiction over an appeal by an employee whose retirement or resignation was involuntary, was a constructive removal. *Cruz*, 934 F.2d at 1244. Thus, to determine whether the board had jurisdiction over Mintzmyer's IRA appeal requires determining whether she was constructively removed. *Stephens v. Merit Sys. Protection Bd.*, 986 F.2d 493, 496 (Fed.Cir.1993). However, if another forum has already concluded that Mintzmyer was not constructively discharged, and that holding is entitled to collateral estoppel effect, then the board lacked jurisdiction to hear this claim.

The board may give collateral estoppel effect to court decisions in appropriate circumstances. *Kroeger v. United States Postal Serv.*, 865 F.2d 235, 238 (Fed.Cir. 1988); *Thomas v. General Servs. Admin.*, 794 F.2d 661, 664 (Fed.Cir.1986). Whether collateral estoppel, or issue preclusion, applies here turns on whether: (1) the issue previously adjudicated by the district court is identical to the one before us; (2) that issue was "actually litigated" in the district court; (3) the district court's resolution of that issue was necessary to the resulting judgment; and (4) Mintzmyer was fully represented in the district court. *Rice v. Department of Treasury*, 998 F.2d 997, 999 (Fed.Cir.1993); *McCandless v. Merit Sys. Protection Bd.*, 996 F.2d 1193, 1198 (Fed.Cir.1993). Mintzmyer concedes that she was represented by counsel in the district court, but contends that the other three elements are not present here. We disagree.

The legal standard for establishing a constructive discharge is the same regardless of whether the discharge was allegedly in retaliation for whistleblowing or for filing a discrimination claim. The district court required Mintzmyer to establish that the agency intentionally made working conditions intolerable, thereby forcing her to involuntarily retire. *Babbitt*, slip op. at 43. The test the court applied was whether the agency created or tolerated "'retaliatory working conditions that would drive a reasonable person to resign.'" *Id.* (quoting *Katradis v. Dav-El of Washington*, 846 F.2d 1482, 1485 (D.C.Cir.1988)). The board has adopted the same test in examining whether an appellant has been constructively discharged in reprisal for whistleblowing. *See Heining v. General Servs. Admin.*, 68 M.S.P.R. 513, 519–22 (1995); *Zygmunt v. Department of Health and Human Servs.*, 61 M.S.P.R. 379, 383 (1994); *Burke v. Department of Treasury*, 53 M.S.P.R. 434, 439 (1992). Mintzmyer does not argue that this test is inappropriate in whistleblower cases, and we endorse the board's use of it.

In addition to the identity of the legal issue raised by both claims, the facts raised by Mintzmyer in support of each claim are identical. The board explicitly found that "the underlying facts relied upon by [Mintzmyer] to support her claims of constructive discharge before the Board and the District Court are the same." She has not established that this finding is unsupported by substantial evidence. Before the district court, Mintzmyer alleged that the agency had constructively discharged her by undermining her ability to manage her staff in the Mid–Atlantic Region. *Babbitt*, slip op. at 2, 24. She argued that a number of different agency actions, viewed cumulatively and in context, rendered her position there untena-

**424**

ble, forcing her to retire. In rejecting this claim, the court addressed three controversial situations she faced upon assuming her post as Mid–Atlantic Regional Director and insulting treatment she received from security officials who viewed her as a security risk to President Bush.

In her IRA appeal, Mintzmyer claimed that she was "subjected to continuing harassment with regard to ... employees ([under her] supervision)." As part of her prehearing submission to the board, she explained further that the agency had subjected her to a continuous stream of harassment in Philadelphia that undermined her relationship with her subordinates and decreased her effectiveness, resulting in a constructive discharge. Although she argues on appeal that the factual basis for her whistleblower claim differs from that of her discrimination claim and notes that the district court "refused to hear or decide any of the facts going to constructive discharge caused by whistleblower retaliation," she has alleged no acts of harassment to which she was subjected in Philadelphia that differ from those she relied upon in litigating her discrimination claim.

Consequently, we believe the board's conclusion that the issue in each forum was identical is correct. It is also beyond serious question that the issue was actually litigated in district court and was necessary to the resulting judgment. The court conducted a five-day bench trial and concluded that the agency's actions did not create the type of intolerable working conditions that amount to a constructive discharge. Mintzmyer was collaterally estopped from litigating her constructive discharge claim. That she has appealed the district court's judgment does not alter our conclusion. *See Rice,* 998 F.2d at 999 ("[T]he pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.").

*Conclusion*

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*