Ralph V. GARY, Petitioner,

v.

DEPARTMENT OF THE TREASURY,
Respondent.

No. 00–3403.

United States Court of Appeals,
Federal Circuit.

Feb. 6, 2001.

Before CLEVENGER, SCHALL and
BRYSON, Circuit Judges.

PER CURIAM.

Ralph V. Gary seeks review of the final
decision of the Merit Systems Protection
Board ("Board") dismissing his appeal.
*Gary v. Department of the Treasury,* 86
M.S.P.R. 334 (June 20, 2000). We *affirm.*

I

 Mr. Gary was a GM–14 Supervi-
sory Attorney for the Internal Revenue
Service ("IRS"), having held that or simi-

lar positions since 1978. He was 55 years old and had worked for the IRS for 29 ½ years when he retired on February 3, 1996. Had he continued working, Mr. Gary would have been eligible for regular optional retirement in July 1996, upon completion of 30 years of creditable service. He took his earlier retirement pursuant to a special "early out" program offered by the IRS. After his February 1996 retirement, Mr. Gary filed an appeal with the Board, asserting that his retirement was not voluntary at all, but had been coerced by the agency. Retirements from federal service are presumed to be voluntary and beyond the jurisdictional reach of the Board. *See Mintzmyer v. Department of the Interior,* 84 F.3d 419, 423 (Fed.Cir.1996); *Christie v. United States,* 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975). That presumption may be rebutted, however, if the petitioner can establish that his retirement was caused by duress or coercion applied by the agency, or by misrepresentation or deception. *See Covington v. Department of Health & Human Services,* 750 F.2d 937, 941–42 (Fed.Cir. 1984). If the presumption of voluntariness is rebutted, then the retirement action is considered involuntary and equivalent to removal, an adverse action over which the Board has jurisdiction, and which, if. proven, can be rectified by the Board. Mr. Gary sought to rebut the presumption that his retirement was voluntary.

## II

The Board heard testimony from Mr. Gary, witnesses on his behalf, and from agency witnesses. The Administrative Judge credited the testimony of the agency witnesses, and discounted Mr. Gary's testimony as not credible. Even assuming that Mr. Gary's testimony is correct, the Board concluded that, at most, Mr. Gary had been put to a difficult choice of retiring early (with presumably fewer benefits

than would have accompanied a regular retirement in June), or remaining in his job to face possible charges of serious misbehavior and the risk of being fired from his job before he reached the June regular retirement date. At the time of Mr. Gary's retirement, no formal removal action had been proposed by the agency, which instead was investigating allegations that Mr. Gary had engaged in unlawful activity for which he could be criminally prosecuted. Taking all the evidence into account, the Board found that Mr. Gary voluntarily elected to take the benefits of the early retirement rather than await the outcome of the agency investigation, and risk the loss of benefits that would occur should he have been removed before his June retirement date.

As the Board correctly noted, it is well-established that if an employee is faced with an inherently unpleasant situation (such as enduring an investigation that may result in removal), and his choices are limited to retirement or remaining to face charges and possible removal action, those limited choices do not cause the retirement to become involuntary. *See Schultz v. United States Navy,* 810 F.2d 1133, 1136 (Fed.Cir.1987). Employees, such as Mr. Gary in this case, are entitled to "stay and fight," in which case they will be vindicated if the agency fails to make its case.

## III

Mr. Gary petitions this court for review of the Board's decision that Mr. Gary was only presented with the hard choice of either remaining to fight the allegations against him or taking early retirement. We must affirm the Board's decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law. We also

must accept fact-findings by the Board that are supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994).

 We have reviewed the record before the Board and the arguments presented by Mr. Gary. The Board correctly applied the law, and substantial evidence supports the findings that Mr. Gary's retirement was not the product of agency coercion or duress. Therefore, we affirm the final decision of the Board.