**David H. METZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3260.**

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 3, 2002.

Before MICHEL, LOURIE, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

David H. Metz appeals from the decision of the Merit Systems Protection Board that affirmed a reconsideration decision of the Office of Personnel Management ("OPM") holding that he failed to establish his eligibility for disability benefits. *Metz v. Office of Pers. Mgmt.*, No. PH–831E–00–0379–I–1, 91 M.S.P.R. 668 (M.S.P.B. Mar. 27, 2002). Because the Board did not err in affirming OPM's decision, we *affirm*.

## DISCUSSION

Mr. Metz was employed as a Lock and Dam Operator at the United States Army Corps of Engineers in Pittsburgh, Pennsylvania. *Metz v. Office of Pers. Mgmt.*, No. PH–831E–00–0379–I–1, slip op. at 4, 91 M.S.P.R. 668 (M.S.P.B. Mar. 28, 2001) (initial decision) (*"Metz I"*). Metz was removed from his position on October 30, 1998, on the grounds of sleeping on duty, discourtesy, false statements, and his past disciplinary record, which included four suspensions since 1990. *Id.* Metz appealed his removal and the Merit Systems Protection Board affirmed that removal. *Metz v. Dep't of Army*, No. PH–0752–99–0071–I–1, 85 M.S.P.R. 248 (M.S.P.B. Nov. 24, 1999), *petition denied, Metz v. Dep't of Army*, 85

M.S.P.R. 248 (1999) (table). Metz later applied to OPM for disability retirement benefits under the Civil Service Retirement System ("CSRS"), claiming that he suffered from a sleep disorder, fibromyalgia, prostatitis, and irritable bowel syndrome. *Id.* at 6. OPM denied Metz's application in an initial decision dated May 26, 2000, and again in a reconsideration decision dated August 18, 2000. *Id.*

Metz then appealed the denial of a disability annuity to the Board. The Administrative Judge ("AJ") assigned to the case conducted a telephonic conference on October 11, 2000, during which the AJ advised Metz to submit affidavits from his former supervisors concerning his asserted disabilities and any accommodations thereto provided by the agency. *Metz v. Office of Pers. Mgmt.*, No. PH–831E–00–0379–I–1, slip op. at 3, 91 M.S.P.R. 668 (M.S.P.B. March 27, 2002) (memorandum of status contacts). Metz submitted two affidavits from former coworkers and agreed to forego a hearing. *Metz v. Office of Pers. Mgmt.*, No. PH–831E–00–0379–I–1, slip op. at 4 (M.S.P.B. Jan. 26, 2001) (memorandum of status contacts). Although the AJ's opinion does not mention the affidavits, it states that she "considered all of the evidence of record," *Metz I* at 11, including considerable medical evidence, *id.* at 9–11. The AJ concluded that (1) Metz bore the burden of proving disability because he had been removed for a pattern of misconduct, not any disability, *id.* at 2–5; (2) Metz's evidence of disability was insufficient, *Metz I* at 11–12; and (3) the agency reasonably accommodated any difficulties Metz did experience, *id.*

Metz petitioned the full Board for review of the AJ's initial decision and submitted to the Board an "Additional Statement," in which he explained that he had submitted the two affidavits as the AJ had requested, argued that a disability determination must be made on a case-by-case basis and that his case had not been correctly decided on its own facts, and submitted additional evidence regarding fibromyalgia. The Board denied Metz's petition, explaining that the AJ made no error relating to law or regulation and that Metz's additional evidence was not considered because it had not been previously unavailable. Metz timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

The scope of our review in an appeal from a disability decision by the Board is limited. Congress expressly limited review of OPM's CSRS disability determinations:

> The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review.

5 U.S.C. § 8347(c) (2000). The Supreme Court has interpreted that provision as a limit on our scope of review in disability retirement appeals from the Board by precluding any judicial review of the factual underpinnings of the OPM's disability decision. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Judicial review of CSRS disability determinations is limited to considering whether "there has been substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)).

On appeal, Metz argues that the AJ failed to take into account the two affidavits he submitted from his former colleagues. He also contends that the Board applied the wrong law by failing to assess how his conditions affected his individual job performance, citing *Mondzelewski v. Pathmark Stores,* 162 F.3d 778, 784 (3d Cir.1998) ("[A] substantially limiting impairment for one individual may not be substantially limiting for another individual with different characteristics."). Finally, Metz argues that the ground for his removal was his sleeping disorder, not his prior disciplinary record.

■ Metz has not demonstrated "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl,* 470 U.S. at 791. First, the record reflects receipt of Metz's co-workers' affidavits by the AJ. We presume that the AJ reviewed that evidence, as she stated that she considered all the evidence of record. *See Butler v. Principi,* 244 F.3d 1337, 1340 (Fed.Cir.2001) (absent evidence to the contrary, public officials are presumed to have properly discharged their official duties) (citing *United States v. Chem. Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926)). Moreover, Metz has not produced evidence that the affidavits were not considered, except the inference by silence, which is insufficient. The failure of the AJ to specifically mention those affidavits in her opinion does not mean that they were not considered. Secondly, Metz's contention that the Board's disability decision was not focused on his case has no merit. The AJ carefully considered Metz's particular medical evidence, including physician reports. *See Metz I* at 9–11. As explained above, we are not free to review the AJ's factual determinations; we can only ensure that the administrative process was not irregular, and we affirm the Board's decision because it was not.

■ Finally, Metz's argument that the AJ wrongly decided that Metz's removal was based on a pattern of misconduct, rather than any disability, is beyond our review in this case. Although the AJ took judicial notice of Metz's earlier appeal of his removal to the Board and the Board's final decision sustaining the removal on the ground of misconduct, *id.* at 4, that decision is not being appealed in this disability case; indeed, Metz is now precluded from re-litigating the removal issue, which was not appealed to this court. *See Mintzmyer v. Dep't of Interior,* 84 F.3d 419, 423 (Fed.Cir.1996). Accordingly, we are not free to disturb the removal decision in this appeal.

We have considered Metz's remaining arguments and find them unconvincing. Accordingly, there is no basis on which we can reverse the Board's decision.

Because we find in the Board's affirmance of the OPM's reconsideration decision no departure from Metz's procedural rights, misconstruction of the governing legislation, or any other error in the administrative process, we affirm.