NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3415

SHARON E. SIMMONS,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

Sharon E. Simmons, of Littleton, Colorado, pro se.

Hillary A. Stern, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Mark A. Melnick, Assistant Director, and Nancy M. Kim, Trial Attorney.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3415

SHARON E. SIMMONS,

Petitioner,

v.

SMALL BUSINESS ADMINISTRATION,

Respondent.

_____

DECIDED: February 8, 2007

_____

Before LOURIE and DYK, <u>Circuit Judges</u>, and O'MALLEY, <u>District Judge</u>[*].

PER CURIAM.

Sharon E. Simmons ("Simmons") appeals from the decision of the Merit Systems Protection Board ("Board") in DC0752961136-C-1 and DC0752060356-I-1, denying her petition for enforcement of a settlement agreement and dismissing her involuntary resignation (constructive removal) appeal. We <u>affirm</u>.

## BACKGROUND

On December 17, 1996, Simmons reached a settlement with the Small Business Administration ("Agency") that resolved her appeal to the Board from a demotion action. Effective September 24, 1997, the Agency removed Simmons for being absent without leave ("AWOL"), insubordinate, and disrespectful. In March 1998, Simmons reached

---

[*]    Honorable Kathleen M. O'Malley, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

another settlement with the Agency in which she agreed to withdraw her appeal to the Board, accept a voluntary resignation, and

> waive[], release[] and forever discharge[] the Agency, its officials, representatives, employees and agents from any and all appeals, complaints, claims, causes of action, or grievances, however designated, whether known or unknown, pending or not now pending, contingent or fixed arising from the inception of the Appellant's employment with the Agency through the effective date of this agreement.

On September 22, 2000, Simmons filed a complaint in the United States District Court for the District of Columbia. Simmons sued many defendants, including several employees of the Agency, on a variety of theories including: violation of Title VII; violation of § 1983; commission of federal crimes; infliction of emotional distress; violation of her due process rights ("Bivens claims"); breach of the 1996 settlement; and wrongful termination by the Small Business Administration. The district court concluded, inter alia, that the 1998 settlement was valid and that its release clause precluded her from asserting at least some of her claims. Simmons v. Chuzi, No. 00-02274, slip. op. at 56-57 (D.D.C. Sept. 13, 2001). The United States Court of Appeals for the District of Columbia Circuit affirmed. Simmons v. Frick Co., No. 02-5025, slip op. at 1 (D.C. Cir. July 5, 2002).

On November 23, 2005, Simmons commenced a proceeding before the Board seeking enforcement of the 1996 settlement and alleging that her 1998 separation was involuntary. The Board rejected her claims, concluding, inter alia, that the district court's decision precluded Simmons from asserting that the 1998 settlement was invalid (an assertion necessary to her involuntary resignation appeal). Simmons timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

2006-3415

2

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Simmons challenges her 1998 separation as a constructive discharge and claims that this removal breached the 1996 settlement. However, both of these claims were within the scope of the 1998 settlement's release clause and are only viable if the 1998 settlement was invalid. We conclude that the Board did not err in barring Simmons from re-litigating the validity of the 1998 settlement, though we believe that collateral estoppel (issue preclusion) rather than res judicata (claim preclusion) is the appropriate basis. Under our case law, the doctrine of issue preclusion bars litigation of an issue if an identical issue was actually litigated and necessarily decided in a prior case where the interests of the party to be precluded were fully represented. Thomas v. Gen. Serv. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986).

The district court decided the validity of the 1998 settlement. Thus, there can be no dispute that the "identical issue" as that before the Board in this case—the validity of the 1998 settlement—was "actually litigated" and "necessarily decided" by the district court. Since Simmons actively and fully participated in the district court, her interests were "fully represented." Although the defendants in the district court were agency officials and the defendant here is the agency itself, "[a] party precluded from relitigating

2006-3415

3

an issue with an opposing party…is also precluded from doing so with another person." Restatement (Second) of Judgments § 29.

Simmons's mere assertion of a different ground for invalidity of the settlement in this action (misrepresentation) than that litigated in the district court (incapacity and duress/undue influence) does not bar application of issue preclusion because "[i]t is reasonable to require [a party] to bring forward all evidence in support of [its argument] in the initial proceeding." Restatement of the Law (Second) Judgments § 27, comment c, illustration 4 (a verdict rejecting A's claim that B was negligent for speeding barred A from asserting B's negligence on any theory, not just speeding); see also Mintzmyer v. Dept. of Interior, 84 F.3d 419, 423 (Fed. Cir. 1996) (a district court's finding that alleged age and gender discrimination did not result in a constructive discharge barred litigating whether an alleged reprisal for whistleblowing constituted constructive discharge). Nor does Simmons's allegation of agency misrepresentation prevent application of collateral estoppel. The evidence Simmons cites for the Agency's alleged misrepresentation of her removal date—an Agency pre-hearing submission from February 19, 1998—was clearly available to her long before she filed her district court action. Similarly, Simmons has never alleged that she was not aware, or could not have become aware through reasonable efforts, of the Agency's other alleged misrepresentation—the identity of her first line supervisor—before she filed her district court action. See Restatement (Second) of Judgments § 28(5) (providing an exception to issue preclusion when a party "as a result of the conduct of his adversary…did not have an adequate opportunity…to obtain a full and fair adjudication" (emphasis added)).

Since the Board did not err in concluding that Simmons's assertion of invalidity of the 1998 settlement (a necessary part of her involuntary resignation and breach claims) was barred, we affirm the Board's decision.

No costs.

2006-3415