NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3180

MARIO A. VAZQUEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE NAVY,

Intervenor.

<u>Mario A. Vazquez</u>, of North Port, Florida, pro se.

<u>Joyce G. Friedman</u>, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were <u>B. Chad Bungard</u>, General Counsel, and <u>Calvin M. Morrow</u>, Acting Assistant General Counsel for Litigation.

<u>L. Misha Preheim</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were <u>Gregory G. Katsas</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Kenneth M. Dintzer</u>, Assistant Director. Of counsel was <u>Joan M. Stentiford</u>, Trial Attorney.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3180

MARIO A. VAZQUEZ,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD

Respondent,

and

DEPARTMENT OF THE NAVY,

Intervenor.

Petition for review of the Merit Systems Protection Board in DC0752070680-I-1.

_____

DECIDED: October 7, 2008

_____

Before BRYSON, GAJARSA and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Mario A. Vazquez petitions for review of the final order of the Merit Systems Protection Board ("MSPB" or "Board") dismissing Mr. Vazquez's appeal for lack of jurisdiction. <u>Vazquez v. Dep't. of the Navy</u>, No. DC-0752-07-0680-I-1 (M.S.P.B. Jan. 7, 2008). We <u>affirm</u>.

BACKGROUND

At the time of his resignation, Mr. Vazquez was employed as a civilian engineer with the Navy's Military Sealift Fleet Support Command. From Fall 2004 until Spring 2005 while serving aboard the USNS Rappahannock, Mr. Vazquez alleges he was subjected to racial slurs, insults to his intelligence, and unwarranted reprimands from his supervisors. These events, he argues, caused his later resignation to be a constructive removal. Although Mr. Vazquez could have requested reassignment from the ship, he did not. Instead, he chose to continue aboard for nine months until the agency deemed Mr. Vazquez medically unfit for duty at sea and he left the Rappahannock.

On January 1, 2006, after nine months recovering at home, Mr. Vazquez resigned. On January 11, 2006, he filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC evaluated Mr. Vazquez's allegations and found no discrimination. Vazquez v. Winter, Sec'y of the Navy, D.O.N. No. 05-62381-01801 (Mar. 16, 2007).

On June 5, 2007, Mr. Vazquez appealed to the Board, arguing "dismissal of discrimination, reprisal and perjury charges" and seeking "monetary compensation and/or criminal perjury charges filed." The administrative judge ("AJ") informed Mr. Vazquez that if he was challenging his resignation as a constructive removal, he had the burden of proving it was involuntary and thus within the Board's jurisdiction. After considering the allegations in Mr. Vazquez's response, the AJ concluded that Mr. Vazquez had failed to make non-frivolous allegations that, even if true, could establish that his resignation amounted to a constructive removal. Absent an adverse action such as a constructive removal, the Board lacks jurisdiction, so the AJ dismissed Mr. Vazquez's appeal. Vazquez v. Dep't. of the Navy, No. DC-0752-07-0680-I-1, slip op. at

6 (M.S.P.B. Sept. 7, 2007). The AJ also held that the Board lacked jurisdiction to entertain Mr. Vazquez's other claims in the absence of an appealable adverse action. Id. at 9.

The Board denied Mr. Vazquez's petition for full Board review, making the AJ's decision the final decision of the Board. Vazquez v. Dep't. of the Navy, No. DC-0752-07-0680-I-1 (M.S.P.B. Jan. 7, 2008). Mr. Vazquez now petitions this court for review of the Board's final decision.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review is limited. We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1). The Board's findings of fact must be supported by substantial evidence, although the ultimate determination of the Board's jurisdiction is reviewed de novo. § 7703(c)(2). Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1321 (Fed. Cir. 1999); Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

In his petition to this court, Mr. Vazquez argues that the Board improperly dismissed his appeal because it failed to take into consideration "purjury [sic], hostile

---

[1] Mr. Vazquez's overdue informal brief was filed on June 23, 2008, more than 21 days after this court received the certified list from the agency on March 18, 2008. Federal Circuit Rule 31(e) requires, in pertinent part, that "in a petition for review or an appeal from an agency, a pro se appellant filing an informal brief must serve and file the brief within 21 days after the certified list or index is served" by the agency on the appellant. Mr. Vazquez states, and the agency does not dispute, that his untimely submission is due to his being offshore in what he calls a "non-mail" status. The agency does not argue that the appeal should be dismissed. Under these circumstances, we will not dismiss Mr. Vazquez's appeal for failure to prosecute. Fed. Cir. R. 45(a) (clerk may dismiss an appeal for failure to follow the rules).

2008-3180                                    3

work environment, discrimination, reprisal, medical negligence and possible conspiracy to cover up [the] same."

We reject his arguments and affirm the Board's dismissal for lack of jurisdiction. The Board correctly found that Mr. Vazquez has failed to allege facts that, even if true, establish that his resignation was involuntary. He was therefore not entitled to a Board hearing on that issue. Further, because Mr. Vazquez cannot establish that there was an appealable adverse action, we agree with the Board that it lacks jurisdiction to consider Mr. Vazquez's other claims.

A

The Board has jurisdiction to hear appeals only from certain types of adverse actions taken by an agency against an employee. See 5 U.S.C. § 7512. Although the Board does not have jurisdiction to hear an appeal from an employee who resigned voluntarily, we have recognized that "an involuntary resignation constitutes an adverse action by the agency" that is appealable to the Board. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc) (quoting Gratehouse v. United States, 206 Ct. Cl. 288, 512 F.2d 1104, 1108 (Ct. Cl. 1975)). Accordingly, if an employee can show that a resignation was involuntary because it was brought on by coercion, duress, or misrepresentation by the agency, the resignation will be deemed a constructive removal, and the Board will have jurisdiction over the appeal. See Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996); Scharf v. Dep't of the Air Force, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983).

"A resignation is either voluntary or involuntary on the date it was submitted, and jurisdiction must be determined as of that date." Cruz v. Dep't of the Navy, 934 F.2d 1240, 1244 (Fed. Cir. 1991). As such, the period of time between the allegedly coercive

act and the resignation is "the most probative evidence" of involuntariness. Terban v. Dep't of Energy, 216 F.3d 1021, 1024 (Fed. Cir. 2000). The longer the time between the coercive acts and the resignation, the less involuntary. Id.

However, an employee's decision to resign is presumed to be voluntary, and an employee seeking to demonstrate otherwise is required to satisfy an objective and "demanding legal standard." Garcia, 437 F.3d at 1329 (quoting Staats, 99 F.3d at 1124). The doctrine of coercive involuntariness "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment . . . ." Staats, 99 F.3d at 1124 (internal citations omitted). The so-called Fruhauf test for establishing involuntary coercion by an agency requires the employee to show (1) the agency effectively imposed the terms of the resignation; (2) the employee had no realistic alternative but to resign; and (3) the employee's resignation was the result of improper agency acts. Garcia, 437 F.3d at 1329; see also Fruhauf Sw. Garment Co. v. United States, 126 Ct. Cl. 51, 62, 111 F. Supp. 945, 951 (Ct. Cl. 1953)).

B

Mr. Vazquez argues that his resignation was the result of a series of improper acts resulting in a hostile work environment leaving him no choice but to resign. We agree with the Board's conclusion rejecting his alleged circumstances as insufficient, even if true, to make his later resignation a constructive removal because he had the option to transfer, rather than resign.

The record shows, and Mr. Vazquez has not contested, that he never requested a transfer from the ship at any point during his nine-month assignment even though he could have done so after only four months. Mr. Vazquez argues that his history would follow him and that he would end up with unfavorable jobs on a new vessel. But, "the

fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." Staats, 99 F.3d at 1124.

There was no error in the AJ's conclusion that Mr. Vazquez's allegations, even if true, do not establish that he involuntarily accepted the terms of the agency, that circumstances permitted no other alternative, or that the resignation was the result of coercive acts of the agency. Garcia, 437 F.3d at 1344; see Fruhauf, 126 Ct. Cl. at 62. We have carefully examined each of Mr. Vazquez's claims; however, because the Board's decision was in accordance with the law, we affirm the dismissal of Mr. Vazquez's constructive removal claim.

C

The Board also held that it lacks jurisdiction over Mr. Vazquez's other allegations. We agree. The Board has no jurisdiction to consider discrimination, perjury, procedural misconduct, whistleblowing or reprisal allegations unaccompanied by an appealable adverse action over which the Board has jurisdiction. Garcia, 437 F.3d at 1342-43; Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc); see also, Mintzmyer v. Dep't. of Interior, 84 F.3d 419, 423 (Fed. Cir. 1996) (a district court's finding that alleged discrimination did not result in a constructive discharge barred litigating whether an alleged reprisal for whistleblowing constituted constructive discharge). To the extent that Mr. Vazquez's references to reprisal constitute an effort to prosecute an individual right of action appeal for whistleblowing reprisal, he has failed to exhaust his administrative remedies, as the AJ pointed out.

Finally, Mr. Vazquez alleges medical negligence and a possible cover-up conspiracy. These issues were not raised below and thus cannot be considered on

appeal.  <u>Wallace v. Dep't of the Air Force</u>, 879 F.2d 829, 832 (Fed. Cir. 1989) ("[o]rdinarily, appellate courts refuse to consider issues not raised before an administrative agency").

CONCLUSION

We have carefully considered the remainder of Mr. Vazquez's arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Board's dismissal.

No costs.