NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3196

DONALD J. PERMODA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF TRANSPORTATION,

Intervenor.

Donald J. Permoda, of Grand Rapids, Michigan, pro se.

Joyce G. Friedman, Acting Associate General Counsel for Litigation, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was B. Chad Bungard, General Counsel.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3196

DONALD J. PERMODA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF TRANSPORTATION,

Intervenor.

Petition for review of the Merit Systems Protection Board in CH0752070474-I-1.

_____

DECIDED: February 13, 2009
_____

Before MAYER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Donald J. Permoda seeks review of a final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. See Permoda v. Merit Sys. Prot. Bd., No. CH-0752-07-0474-I-1 (M.S.P.B. Jan. 15, 2008). We affirm.

Permoda worked as an Air Traffic Control Specialist ("ATCS") for the Federal Aviation Administration ("FAA") in Muskegon, Michigan. In September 2004, the FAA withdrew his medical clearance because he was taking medications that disqualified him from working as an ATCS. During the next six months, Permoda used approved leave to cover his absence from work. Approximately one week before his available leave balance expired, he sent a letter to his superiors at the FAA requesting that he be granted: (1) a waiver allowing him to continue to serve as an ATCS despite the fact he was taking proscribed medications, (2) an assignment to administrative positions at the Muskegon or Grand Rapids control towers, (3) continuation of pay based upon work-related injury, and (4) leave without pay. According to Permoda, his superiors did not respond to this letter.

On February 7, 2006, the FAA's Deputy Regional Flight Surgeon found that Permoda was "permanently medically disqualified" from ATCS duty because he suffered from dysthymia and generalized anxiety disorder and these conditions required him to take disqualifying medications. Permoda then applied for disability retirement benefits, which were approved effective April 15, 2006.

On May 24, 2007, Permoda appealed to the board, alleging that his disability retirement was involuntary. An administrative judge, however, dismissed his appeal for lack of jurisdiction, concluding that he had failed to make a non-frivolous allegation that his retirement was involuntary or coerced. After the full board denied Permoda's petition for review, he timely appealed to this court.

We must affirm a decision of the board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Whether the board has jurisdiction to adjudicate an appeal is a question of law which the court reviews de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008).

The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. Id. "A retirement or resignation is presumed to be a voluntary act and, therefore, beyond the Board's jurisdiction." Mintzmyer v. Dep't of the Interior, 84 F.3d 419, 423 (Fed. Cir. 1996) (citation and internal quotation marks omitted). Unless an employee makes non-frivolous allegations that he was forced or coerced into accepting a disability retirement, the board has no authority to consider his appeal. See Garcia v. Dep't of Homeland Security, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc).

As the board correctly determined, Permoda failed to make non-frivolous allegations that his decision to retire was involuntary. A disability retirement will be deemed involuntary only if an employee shows "that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation." Benavidez v. Dep't of Navy, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (citation and internal quotation marks omitted). Permoda failed to make non-frivolous allegations that there was an available accommodation that would have allowed him to continue to work for the agency. Given that he was taking disqualifying medications, the FAA reasonably refused to allow him to continue to serve as an ATCS. Moreover, although Permoda made vague assertions that there were other "employment opportunities in [his]

commuting area," he failed to identify any position for which he was qualified that was vacant and funded at the time of his retirement. See Atkins v. Dep't of Commerce, 81 M.S.P.R. 246, 251 (1999) ("If accommodation as of the date of [an employee's] separation was impossible then his disability retirement was voluntary . . . .").

Before the board, Permoda alleged that the FAA accommodated three other air traffic controllers by giving them medical waivers. He did not, however, establish that these employees suffered from medical conditions similar to his or took the same medications he takes. Thus, the fact that the FAA may have granted medical waivers to other employees does not establish that it was required to grant such a waiver to Permoda.

On appeal, Permoda argues that he would have been able to prove that his retirement was involuntary if he had been granted a sufficient opportunity to conduct discovery. In a June 4, 2007, acknowledgment order, the board afforded Permoda the opportunity to request discovery within "25 calendar days" of the date of the order. There is no indication, however, that Permoda sent an appropriate discovery request to the government within the prescribed period. On appeal, he offers no satisfactory explanation as to why he did not attempt to conduct discovery in a timely manner. See 5 C.F.R. § 1201.73(a)(5) ("Discovery must be completed within the time the [administrative] judge designates."); 5 C.F.R. 1201.71 ("Parties are expected to start and complete discovery with a minimum of Board intervention.").

We have considered Permoda's remaining arguments but find them unpersuasive.