**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAE I. PAK,
                    Appellant,

            v.

DEPARTMENT OF VETERANS
        AFFAIRS,
                    Agency.

DOCKET NUMBER
CH-1221-18-0227-W-1

DATE: May 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dylan Kosson, Chicago, Illinois, for the appellant.

Lori Liddell, Tomah, Wisconsin, for the appellant.

Fallon Booth, Esquire, Detroit, Michigan, for the agency.

Gina M. Ozelie, Esquire, Milwaukee, Wisconsin, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-09 General Engineer for the agency's Tomah, Wisconsin Veterans Administration Medical Center (VAMC). Initial Appeal File (IAF), Tab 5 at 15, 141. On June 20, 2017, the agency terminated the appellant's employment for postappointment reasons during his competitive service initial probationary period. *Id.* at 15-18. On February 22, 2018, the appellant filed an IRA appeal with the Board challenging his termination. IAF, Tab 1. The administrative judge issued an order notifying the appellant of how to prove Board jurisdiction over an IRA appeal, including exhaustion of administrative remedies before the Office of Special Counsel (OSC), and ordered him to file evidence and argument on the issue. IAF, Tab 3.

After the parties responded, IAF, Tabs 5, 7-9, 12, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, IAF, Tab 15, Initial Decision (ID). The administrative judge found that the appellant

filed with OSC's Disclosure Unit on August 27, 2017 (Case Number: DI-17-5290), and with OSC's Complaints Examining Unit on September 13, 2017 (Case Number: MA-17-5567). ID at 4. He found that the appellant's filing with the Disclosure Unit was insufficient to satisfy the exhaustion requirement because the Disclosure Unit does not review allegations of prohibited personnel practices. ID at 12-15. He also found that the appellant's filings with the Complaints Examining Unit were insufficient to satisfy the exhaustion requirement because the only disclosures that the appellant exhausted pertained to alleged violations of laws covered under 5 U.S.C. § 2302(b)(1). ID at 13-15. Finally, the administrative judge found that, to the extent that the appellant was claiming retaliation for equal employment opportunity (EEO) activity, the Board generally lacks IRA jurisdiction over such matters, and there was no evidence that the appellant's EEO activity sought to remedy a violation of 5 U.S.C. § 2302(b)(8) such that a limited exception might apply. ID at 15-16.

The appellant has filed a petition for review, submitting for the first time three additional documents that he claims prove that he exhausted his administrative remedies. Petition for Review (PFR) File, Tab 1. The agency has filed a response, arguing that the documents are neither new nor material. PFR File, Tab 4.

## ANALYSIS

To establish jurisdiction over an IRA appeal, an appellant must, among other things, prove by preponderant evidence that he exhausted his administrative remedies before OSC. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002); *see* 5 U.S.C. §§ 1214(a)(3), 1221(a). The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation.

The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.* The issue in this appeal is whether the appellant exhausted his administrative remedies with respect to any activity that may have been protected under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(a).

On petition for review, the appellant has filed copies of two facsimile transmissions related to his September 13, 2017 whistleblower complaint, which he submitted to OSC on September 14, 2017 and September 22, 2017, respectively. PFR File, Tab 1 at 6-10. In the September 14, 2017 transmission, the appellant recounted an incident in which he got into a disagreement with his coworkers and supervisors about whether an allegedly troublesome subcontractor employee should be excluded from agency premises. *Id.* at 8-9. He also appeared to challenge the merits of his termination. *Id.* at 9. We find that nothing in this facsimile relates to the protected activity that the appellant identified as the basis of his whistleblower claim. IAF, Tab 7 at 5-12. In the September 22, 2017 transmission, the appellant described the termination process and alleged that his termination was based on his age and race, and that it violated the applicable collective bargaining agreement. PFR File, Tab 1 at 12-15. None of these matters describe a protected disclosure or a disclosure that the appellant identified as the basis for his whistleblower claim. IAF, Tab 7 at 5-12, Tab 8 at 7; *see Nogales v. Department of the Treasury*, 63 M.S.P.R. 460, 464 (1994)

(finding that disclosures about discrimination based on age or race are excluded from coverage under 5 U.S.C. § 2302(b)(8)).

The appellant also alleged to OSC that he "spoke out frequently against the chronic waste, mismanagement and even fraudulent practices happening in Tomah VAMC capital management system," "spoke out at numerous interactions with superiors, managers, and peers if [he] saw abuse, gross mismanagement, waste and potential fraud," and "ha[s] never been shied away from speaking out on what seemed waste and abuse of the capital project such as exacting the [Federal Acquisition Regulations and Veterans Administration Acquisition Regulations] on the limits of the contract and strict guidance of the Construction Contractor." PFR File, Tab 1 at 13-15. Although these allegations generally cover what might constitute protected activity under 5 U.S.C. § 2302(b)(8), including some of the activity that the appellant identified as the basis for his whistleblower claim, we find that they are too vague to satisfy the exhaustion requirement. IAF, Tab 7 at 5-12, Tab 8 at 7. We find that the appellant did not provide OSC with a sufficient basis to pursue an investigation and therefore failed to exhaust his administrative remedies prior to filing his Board appeal.[2] *See Mintzmyer v. Department of the Interior*, 84 F.3d 419, 422 (Fed. Cir. 1996).

The appellant has also filed a copy of an OSC closeout letter dated May 28, 2018. PFR File, Tab 1 at 17-18. However, this letter is from OSC's Disclosure Unit and has no bearing on the issue of exhaustion. *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011).

---

[2] Although the appellant has not raised the issue on review, we have evaluated the OSC-related documents that he submitted below, and we agree with the administrative judge's evaluation of them. ID at 13-15; IAF, Tab 1 at 13-29

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        *Gina K. Grippando*

                                  _____

                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.