**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 33**

Docket No. SF-4324-16-0268-I-1

**Andreas Hau,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

September 19, 2016

Brian J. Lawler, San Diego, California, for the appellant.

Janet W. Muller, Chula Vista, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision that dismissed his appeal as barred by the doctrine of res judicata.  For the reasons set forth below, we VACATE the initial decision, FIND that the appellant's hostile work environment claim is barred by collateral estoppel, and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

¶2      The appellant, a Lieutenant Colonel in the U.S. Air Force Reserve, was formerly employed by the agency as an Air Interdiction Agent with the Office of Air and Marine (OAM), Customs and Border Protection (CBP).  *Hau v.*

*Department of Homeland Security*, MSPB Docket No. SF-4324-16-0268-I-1, Initial Appeal File (0268 IAF), Tab 1 at 3.  On March 7, 2013, he filed a Board appeal under the Uniformed Services Employment and Reemployment Rights Act (USERRA), alleging that the agency had unlawfully discriminated against him on the basis of his military service.  *Hau v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0300-I-1, Initial Appeal File (0300 IAF), Tab 1. The administrative judge consolidated that earlier appeal in MSPB Docket No. SF-4324-13-0300-I-1 with two similar appeals, *Bryant v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0298-I-1, and *Ferguson v. Department of Homeland Security*, MSPB Docket No. SF-4324-13-0299-I-1, for processing and hearing.  0300 IAF, Tab 18.

¶3        On April 20, 2014, while the appeal was still pending in the Board's regional office, the appellant resigned from his position.  0268 IAF, Tab 7 at 10. Subsequently, the administrative judge held a telephonic prehearing conference in the consolidated appeal.  0300 IAF, Tab 26.  In the administrative judge's summary of the conference, he identified the appellants' allegations as follows:

> The appellants here allege that the agency failed to grant them waivers as to certain training classes which conflicted with the dates and times of their military service requirements, resulting in their being "de-designated" from performing law enforcement duties; created a hostile work environment by pressuring them to attend training and/or cancel periods of military leave, exerting similar pressure on the relevant military commands, requesting written documentation related to military leave of less than 30 days, and [ratifying] negative comments related to their military status and/or use of military leave from co-workers and/or management officials; forced them to surrender their badges and weapons when performing military service in excess of 30 days; delayed receipt of within-grade pay increases; and required the use of annual, sick or other leave in lieu of military leave.

*Id*. at 1-2.

¶4        Before the first witness was called at hearing, the administrative judge asked if the parties wished to make any additions or corrections to the summary

of the prehearing conference. Hearing Compact Disc (HCD). The parties declined the offer at that time. *Id*. However, in the course of the hearing, all three appellants testified that they had resigned from their positions, or were about to do so, as a result of the same hostile working conditions they previously had alleged. *Id*. At the close of the hearing, the appellants' attorney argued that the appellants had been constructively discharged. *Id*. The administrative judge granted leave for the appellants to address that issue in their posthearing brief. *Id*.

¶5        The appellants submitted their joint closing statement and posthearing brief. 0300 IAF, Tab 27. At the opening of the brief, the appellants stated that they "were constructively discharged from their positions with CBP's [OAM] due to the harassment, discrimination and hostile work environments they endured based solely on their military affiliations and military service obligations." *Id*. at 4-5. They further explained:

> Appellants each testified that the discriminatory and harassing conduct was severe and pervasive enough to materially alter the conditions of their work environment such that they were forced to quit the Agency because the workplace was poisoned. Due to the Agency's discriminatory and harassing conduct, through co-workers and, more importantly, supervisors, the relationship between the Appellants and the Agency became so antagonistic that Appellants were left with no other choice but to resign from their positions with the Agency and seek employment elsewhere. Appellants joined the Agency with every intention to retire as OAM agents but were constructively discharged due to the hostile work environment.

*Id*. at 9.

¶6        The administrative judge issued an initial decision denying the appellants' request for corrective action. 0300 IAF, Tab 30, Initial Decision (0300 ID). In denying the request, the administrative judge found, inter alia, that the appellants failed to establish that they were subjected to a hostile work environment in violation of USERRA. 0300 ID at 5-10. The administrative judge declined to adjudicate the appellants' constructive discharge claims and advised them that

they could pursue those claims by filing separate appeals under 5 U.S.C. chapter 75. 0300 ID at 12 n.6. None of the parties filed a petition for review, and the initial decision became final. *See* 0300 ID at 13.

¶7 The appellant then filed the instant appeal, in which he reiterated his claim that the agency constructively discharged him by creating a hostile work environment such that he was forced to resign. 0268 IAF, Tab 1 at 7. The appellant specified that his appeal was brought under USERRA, and he requested a hearing. 0268 IAF, Tab 1. The administrative judge assigned to the new appeal issued an order directing the appellant to show cause why his appeal should not be dismissed as barred by res judicata or collateral estoppel. 0268 IAF, Tab 3. In response, the appellant argued that his appeal was not barred by res judicata or collateral estoppel because the administrative judge in the earlier appeal did not rule on his constructive discharge claim. 0268 IAF, Tab 5. He again clarified that his appeal was brought under USERRA and was not intended as an adverse action appeal under 5 U.S.C. chapter 75. *Id*.

¶8 Based on the written record, the administrative judge dismissed the appeal as barred by the doctrine of res judicata. 0268 IAF, Tab 10, Initial Decision. This petition for review followed. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 3.

## ANALYSIS

¶9 The administrative judge dismissed the instant appeal as barred by res judicata without deciding the issue of jurisdiction. The Board must have jurisdiction over an appeal to apply the doctrine of res judicata. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 7 (2003). However, collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction in certain circumstances. *Id.*, ¶ 11. For the reasons discussed below, we find that the appellant's hostile work environment claim is barred by collateral estoppel, and as a result, the Board lacks jurisdiction over the instant appeal.

¶10     This appeal arises under the antidiscrimination provision of USERRA, 38 U.S.C. § 4311(a), which provides:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

To establish Board jurisdiction over a claim arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations that:    (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, ¶ 7 (2015); *see* 5 C.F.R. §§ 1201.57(b), 1208.2(a).  A claim under USERRA should be construed broadly and liberally in determining whether it is nonfrivolous.  *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009).

¶11     It is undisputed that the appellant is a member of the U.S. Air Force Reserve.  As to the second and third jurisdictional elements, the appellant contends in this appeal that the agency constructively discharged him, i.e., denied him retention in employment, by creating a hostile work environment based on his military service, which in turn forced him to resign.  0268 IAF, Tab 1 at 6-7; *see Wallace v. City of San Diego*, 479 F.3d 616, 625-30 (9th Cir. 2006) (considering the plaintiff's claim that he was forced to resign due to intolerable working conditions as a constructive discharge claim under USERRA).

¶12     However, his allegation that the agency denied him retention in employment is predicated on his previously adjudicated claim that the agency subjected him to a hostile work environment based on his military service.  *See Hau      v.      Department      of      Homeland      Security*,      MSPB      Docket

No. SF-4324-13-0300-I-1. Under the doctrine of collateral estoppel, once an adjudicatory body has decided a factual or legal issue necessary to its judgment, that decision may preclude relitigation of the issue in a case concerning a different cause of action involving a party to the initial case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Kavaliauskas v. Department of the Treasury*, 120 M.S.P.R. 509, ¶ 5 (2014). The Board has held that collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Noble*, 93 M.S.P.R. 693, ¶ 11.

¶13 The administrative judge in the appellant's prior USERRA appeal found jurisdiction under the liberal jurisdictional standard for that statutory scheme, but denied the appellant's request for corrective action, finding in pertinent part that the appellant failed to prove that he was subjected to a hostile work environment. 0300 ID at 1-3, 5-10. The issue of whether the agency subjected the appellant to a hostile work environment based on his military service was actually litigated in his prior USERRA appeal, and the administrative judge's findings on that issue were necessary to the resulting judgment. *Id.* The appellant thus is barred by collateral estoppel from arguing that the agency subjected him to a hostile work environment based on his military service, which is the sole basis of his constructive discharge claim in this matter.

¶14 Because jurisdiction was found in the appellant's initial USERRA appeal, this case is distinguishable from *Noble*. Nevertheless, we conclude that, in light

of our finding that collateral estoppel bars relitigation of the hostile work environment claim, and the fact that the appellant has not alleged any acts of harassment that differ from those he relied on in his prior appeal, the appellant cannot in this matter articulate a nonfrivolous allegation that the agency denied him retention in employment based on his military service. *See Mintzmeyer v. Department of the Interior*, 84 F.3d 419, 424 (Fed. Cir. 1996). Accordingly, dismissal for lack of jurisdiction in this matter is appropriate.

¶15        We recognize that the Board has held previously that, although an appellant raised identical issues in two separate appeals, an earlier decision that the appellant did not prevail on the merits did not preclude a finding that he made a nonfrivolous allegation establishing jurisdiction in a subsequent appeal. *Boechler v. Department of the Interior*, 109 M.S.P.R. 619, ¶ 17 (2008), *aff'd without opinion*, 328 F. App'x 660 (Fed. Cir. 2009); *see Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 6 (citing *Boechler*), *aff'd without opinion*, 353 F. App'x 434 (Fed. Cir. 2009); *Parikh v. Department of Veterans Affairs*, 110 M.S.P.R. 295, ¶¶ 13-17 (2008) (same). Conversely, "as [the U.S. Supreme] Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94. To find jurisdiction and allow this matter to proceed to the merits phase of the case when the appellant is barred by collateral estoppel from presenting any of his merits arguments during such proceedings would defy logic.[*] Furthermore, to do so would cause unnecessary costs to the

---

[*] Pursuant to *Kirkendall v. Department of the Army*, 479 F.3d 830, 845 (Fed. Cir. 2007) (en banc), once an appellant establishes jurisdiction over his USERRA appeal, he is entitled to a hearing. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008). The appellant already had received a hearing when his hostile work environment claim was heard in connection with his case designated as MSPB Docket No. SF-4324-13-0300-I-1. However, were a merits hearing held in this matter, the

parties, make the Board complicit in the vexation of multiple lawsuits, waste the Board's resources, and potentially could lead to inconsistent decisions—all evils the U.S. Supreme Court, the U.S. Court of Appeals for the Federal Circuit, and the Board have declared should be avoided. *See, e.g.*, *id.*; *MGA, Inc. v. General Motors Corporation*, 827 F.2d 729, 732 (Fed. Cir. 1987); *Kavaliauskas*, 120 M.S.P.R. 509, ¶ 5. Accordingly, we hereby overrule our decisions in *Boechler*, *Wadhwa*, and *Parikh*.

¶16 In conclusion, we find that, even under the liberal jurisdictional standard applicable to USERRA appeals, under the circumstances presented in this case, the appellant has not made allegations sufficient to establish the Board's jurisdiction over his appeal. Therefore, we vacate the initial decision and dismiss the appeal for lack of jurisdiction.

## ORDER

¶17 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

appellant would be precluded from presenting evidence and argument concerning his allegation of a hostile work environment, which is the entire basis of his claim in this case. In other words, an administrative judge would have to convene a hearing during which the appellant could not present any content, which would be a waste of time and resources.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.