Susan L. MERCER, Petitioner–Appellant,

v.

## DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.

No. 00–3287.

United States Court of Appeals, Federal Circuit.

Feb. 8, 2001.

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Susan L. Mercer appeals the final order of the Merit Systems Protection Board ("Board"), No. DE–1221–98–0151–B–1, which upheld the denial of her individual right of action request for corrective action under the Whistleblower Protection Act of 1989, Pub.L. No. 101–12, 103 Stat. 16 (1989) ("WPA"). Because the Board's de-cision to deny the request for corrective action was not arbitrary, capricious, an abuse of discretion, unlawful, or unsup-ported by substantial evidence, we *affirm.*

## BACKGROUND

On August 26, 1990, the United States Department of Health and Human Ser-vices ("HHS") selected Dr. Mercer for a career-conditional appointment to the posi-tion of Medical Officer at the agency's Indian Hospital in Belcourt, North Dakota. As a career-conditional appointee, she was required to serve a one-year probationary period. 5 C.F.R. § 315.801(a) (1998). In September 1990, Dr. Mercer received a copy of the agency's Notification of Per-sonnel Action, which documented her pro-bationary status.

During the course of her employment, Dr. Mercer became critical of many hospi-tal practices. However, the record indi-cates only two particular practices that she actually reported while she was an employ-ee at Belcourt Hospital. First, at a staff meeting, she raised the issue of the alleged absence of chaperones during pelvic exam-inations. Second, she provided her super-visors with written allegations of several incidents involving another doctor's unpro-fessional speech. By memorandum dated December 14, 1990, HHS terminated Dr. Mercer's employment, citing her general failure to follow both hospital by-laws and the agency's health services manual. Also, in an internal memorandum dated Decem-ber 11, 1990, the agency identified specific incidents that warranted Dr. Mercer's re-moval, including public discussions of con-fidential patient information and the taking of unauthorized patient photographs.

Dr. Mercer, represented by counsel, challenged the agency's termination deci-sion in an appeal to the Board. She sought corrective action under the WPA

and further argued that her termination may have been a result of sexual discrimination. On February 19, 1991, an administrative judge dismissed the appeal for lack of jurisdiction. Noting the Notification of Personnel Action, he determined that Dr. Mercer was a probationary employee. He then recognized that sexual discrimination is not one of the specified bases under 5 C.F.R. § 315.806 for an appeal by a probationary employee. The administrative judge also determined that Dr. Mercer could not establish the right of appeal under the WPA because she did not first seek corrective action from the Office of Special Counsel ("OSC"). Dr. Mercer did not seek review of this decision; therefore, it became the final decision of the Board on March 26, 1991.

In September 1994, Dr. Mercer filed a whistleblower reprisal complaint with OSC, claiming that HHS terminated her in retaliation for her protected disclosures. On November 7, 1997, OSC notified Dr. Mercer that it had terminated its investigation of her complaint, thereby enabling her to file an Individual Right of Action ("IRA") request for corrective action with the Board.

On January 7, 1998, Dr. Mercer filed an IRA appeal with the Board, contending that her termination was a result of her protected disclosures and that she was not a probationary employee. On April 16, 1998, the administrative judge dismissed her appeal based on laches. In addition, based on her 1991 appeal, the judge determined that collateral estoppel barred her from attempting to establish that she was not a probationary employee.

Dr. Mercer subsequently filed a petition with the Board, seeking reconsideration of the administrative judge's initial decision. On May 17, 1999, the Board granted her petition, vacated the initial decision, and remanded the appeal. The Board held,

first, that the administrative judge must determine whether Dr. Mercer's probationary status was actually litigated and decided in the 1991 appeal. It stated that the judge could apply collateral estoppel only if he found that Dr. Mercer's probationary status was actually litigated and decided in the prior case. The Board recognized that under 5 U.S.C. § 7513(d), Dr. Mercer would have a separate statutory right of appeal as a non-probationary employee. Next, the Board held that even if Dr. Mercer is precluded from claiming that she was not a probationary employee, the judge must provide her with an opportunity to establish IRA jurisdiction. Finally, the Board determined that laches did not bar her appeal.

On remand, the administrative judge found that the probationary issue was actually litigated, or could have been litigated, in the 1991 appeal because, at that time, Dr. Mercer was well aware of the fact that HHS considered her to be a probationary employee. He based this finding on her admissions during the remand hearing and on the 1991 initial decision. The judge also found that she did not, in fact, challenge the agency's characterization of her status during the 1991 appeal. He concluded that Dr. Mercer was precluded from raising the issue of her probationary status, although, on remand, he allowed her to submit evidence and argument relating to the probationary issue.

For the purposes of analyzing Dr. Mercer's IRA request, the administrative judge assumed that she satisfied the jurisdictional requirement of showing that she made protected disclosures. He determined that the agency demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosures. Consequently, her request for corrective action

was denied. The full Board denied Dr. Mercer's petition for review and issued a final order. Dr. Mercer timely appeals to this court under 5 U.S.C. § 7703(b)(1).

## DISCUSSION

### A. Standard of Review

This court will affirm a decision of the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *see also Chase–Baker v. Dep't. of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999).

### B. Analysis

On appeal to this court, Dr. Mercer asserts that the administrative judge erred by: (a) determining that the issue of her probationary status was actually litigated in the 1991 appeal; (b) failing to address the issue of whether the agency takes similar actions against similarly situated employees who are not whistleblowers; (c) incorrectly evaluating the agency's evidence in support of its grounds for termination; and (d) incorrectly evaluating her evidence in support of her contention that HHS retaliated against her.

 The administrative judge correctly held that Dr. Mercer fully litigated the issue of her probationary status in her 1991 appeal and that she is estopped from relitigating it in the present dispute. A court can invoke the doctrine of collateral estoppel, or issue preclusion, when: (1) the issue in the prior proceeding is identical to the one now presented; (2) the issue was actually adjudicated in the prior case; (3) the determination of the issue was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action. *Mintzmyer v. Dep't of Interior*, 84 F.3d 419, 423 (Fed.Cir.1996). The requirement of actual litigation can be satisfied when one party raises a dispositive issue of fact and an adverse party with opportunity and motive to challenge the issue fails to actually challenge it. *See Harris Trust & Sav. Bank v. Ellis* 810 F.2d 700, 705 (7th Cir.1987). During her 1991 appeal, Dr. Mercer knew that HHS classified her employment status as probationary. Moreover, HHS established her probationary status as a necessary prerequisite to its argument that sexual discrimination was not a sufficient basis for jurisdiction. Dr. Mercer did not challenge the agency's contention, nor did she appeal the judge's finding that she was a probationary employee. Therefore, as the other factors of collateral estoppel are satisfied, the 1991 appeal precludes Dr. Mercer from raising the issue of her probationary status in this appeal.

Dr. Mercer argues that her evidence and witnesses show that the agency's reasons for her termination, as set forth in its 1990 internal memorandum, are inaccurate representations of the incidents in which she was involved. The administrative judge considered the testimony of Dr. Mercer's immediate supervisor and the hospital's area director, both of whom verified the incidents as stated in the memorandum. In addition, the judge noted that in her testimony. Dr. Mercer never directly denied that these incidents had occurred. We find that substantial evidence supports the judge's determination that the agency had valid reasons for terminating Dr. Mercer.

Also, the administrative judge did not abuse his discretion in determining that the HHS officials involved in the termination decision had no motive to retaliate against Dr. Mercer. The judge found that none of the allegedly protected disclosures

related to her immediate supervisor, who recommended her termination, or to the hospital's area director, who actually terminated her.

The administrative judge did not discuss the agency's lack of evidence regarding terminations of similarly situated employees who are not whistleblowers. However, the judge based his ultimate decision on the strength of the agency's grounds for termination and the absence of a motive to retaliate against Dr. Mercer. Thus, this court finds that substantial evidence supports the judge's conclusion that HHS submitted clear and convincing evidence that it would have terminated Dr. Mercer in the absence of her disclosures. For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.