NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES L. KEYS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-1063

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-19-0150-W-1.

---

Decided:  March 3, 2020

---

JAMES L. KEYS, Burtonsville, MD, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

James Keys appeals from the final decision of the Merit Systems Protection Board ("the Board"), dismissing Keys' appeal for lack of jurisdiction. We agree with the Board that Keys' constructive removal claim is barred by collateral estoppel. With respect to Keys' reassignment claim, however, both parties now agree that Keys established jurisdiction and is entitled to a hearing. Accordingly, we *affirm* the Board's decision regarding Keys' constructive removal claim but *reverse* the Board's findings regarding Keys' reassignment claim and remand for further proceedings.

## I. BACKGROUND

### A. Keys' District Court Litigation in the District of Columbia

Appellant James Keys ("Keys") was previously employed as a Senior Administrative Management Specialist, GS-0301-14, with the Department of Housing and Urban Development. *Keys v. Dep't of Housing and Urban Dev.*, Dkt. No. 1221-19-0150-W-1, 2019 MSPB LEXIS 3462, at *1 (MSPB Apr. 14, 2015) ("*Keys I*"). In September 2013, Keys filed a complaint in the U.S. District Court for the District of Columbia, alleging that the agency subjected him to illegal discrimination and retaliation based on Keys' prior claims of race and age discrimination. S.A. 101. On January 26, 2015, in response to the agency's motion for summary judgment, Keys accused his supervisor, Nelson Bregón, and other unnamed senior agency officials of lying under oath. S.A. 39–41. On February 5, 2015, Mr. Bregón informed Keys that he was being reassigned to a new division with a new supervisor. S.A. 102. The following month, on March 21, 2015, Keys resigned from employment with the agency. S.A. 69; S.A. 91.

### B.  Keys' First MSPB Appeal and EEOC Complaint

Two days after his resignation, Keys filed an adverse action appeal with the Merit Systems Protections Board ("the Board") pursuant to 5 U.S.C. § 7513, claiming that his resignation was involuntary and thus a constructive removal.  *See Keys v. Dep't of Housing and Urban Dev.*, Dkt. No. 0752-15-0531-I-1, 2015 MSPB LEXIS 3088 (MSPB Apr. 14, 2015) ("*Keys II*").  Keys alleged that he was compelled to resign because his protests of discrimination had fallen on deaf ears and because the agency had retaliated against him for protesting.  *Id.* at *6.  On April 14, 2015, an MSPB administrative judge ("AJ") issued a decision dismissing Keys' appeal for lack of jurisdiction, finding that Keys failed to make a nonfrivolous allegation that his resignation was involuntary.  *Id.* at *10 ("While I have also considered the appellant's allegations of age, race, and sex discrimination, and retaliation for his EEO activities, for the limited purpose of determining whether they support a finding of duress or coercion, his conclusory allegations do not support such a finding.").  Neither party filed a petition for review and the AJ's decision became the Board's final decision on May 19, 2015.  *Keys I*, 2019 MSPB LEXIS 3462, at *2–3.

After the Board dismissed Keys' MSPB appeal, Keys filed an equal employment opportunity ("EEO") complaint with the agency, alleging that his 2014 performance standards, 2015 reassignment, and alleged 2015 constructive removal were based on discrimination and retaliation.  S.A. 99.  In December 2015, during the pendency of the EEO litigation, Keys discovered an agency document ("the agency document") that allegedly demonstrated that the agency "did not have an approved vacancy in the office of the reassignment[,] as required by OPM regulations." *Keys I*, 2019 MSPB LEXIS 3462, at *3.  On October 16, 2017, however, an EEOC AJ granted the agency's motion for

summary judgment and dismissed Keys' EEOC complaint. S.A. 98–115.

### C. OSC Complaint

On July 18, 2018, Keys filed a complaint with the Office of Special Counsel ("OSC"), claiming that his reassignment was a reprisal for his whistleblowing activities. S.A. 30–36. Keys alleged that Mr. Bregón was the agency official who made the reassignment decision, and that Mr. Bregón was aware of Keys' whistleblowing activities because he "found out from the Office of General Counsel." *Keys I*, 2019 MSPB LEXIS 3462, at *3. Keys relied on the agency document that he received from the EEO litigation and alleged that the document demonstrated that the agency had no actual vacancy at the time of his reassignment. *Id.* at *3–4. On November 16, 2018, OSC notified Keys via letter that it was closing its investigation into his complaint. S.A. 69. OSC characterized Keys' complaint as follows:

> You reported in February 2015, the agency reassigned you to a new position and new location. In 2017, you learned that [the] agency had no vacant position into which you could have been reassigned. On March 21, 2015, you resigned rather than take the reassignment. You contend that the assignment coerced your resignation in retaliation for your disclosures about agency officials lying in litigation.

S.A. 69. OSC notified Keys that he could seek corrective action from the Board under 5 U.S.C. §§ 1214(a)(3) and 1221 for any personnel action taken against him because of a protected disclosure or activity that was the subject of his OSC complaint. *Id.*

### D. Keys' Second MSPB Appeal

On November 20, 2018, Keys filed an Individual Right of Action ("IRA") appeal with the MSPB. *Keys I,* 2019 MSPB LEXIS 3462, at *4. Keys alleged that the agency

document revealed that the agency reassigned him to a new supervisor, division, and location as reprisal for his whistleblowing activities. S.A. 29. Keys also asked the Board to reverse its decision in the first MSPB appeal, seeking a reinstatement in his original position at the agency with backpay and interest. *Id.* Keys submitted supplemental documentation in support of his appeal, including excerpts from his January 2015 district court brief; the agency document that allegedly showed that the basis of his reassignment was fraudulent; a copy of his collective bargaining agreement; and correspondence related to his 2015 EEO Report of Investigation, which included the agency document. S.A. 37–55.

On November 27, 2018, the AJ issued a Jurisdiction Order, which required the petitioner to submit a statement demonstrating that the Board had jurisdiction over his appeal. S.A. 56–65. The Jurisdiction Order explained:

> To establish Board jurisdiction over an IRA appeal, you must show that you exhausted your administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that: (1) you engaged in whistleblowing activity by making a protected disclosure, or engaged in other protected activity as specified below; and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take one of the personnel actions listed at 5 U.S.C. § 2302(a).

S.A. 57. The Jurisdiction Order explained that the AJ would only review "those alleged disclosures and personnel actions that were specifically raised to and exhausted at OSC." S.A. 57. The AJ ordered Keys to file a statement identifying, among other items, his alleged protected disclosures and the accused personnel actions. S.A. 63 ("(A) Protect Disclosures and/or Activities: list your protected disclosure(s) or activity(ies); . . . (E) Personnel Actions: list every action the agency took or failed to take, or threatened

to take or failed to take, against you because of your disclosure(s) or activity(ies).").

In response, Keys submitted a "Statement in Support of MSPB Jurisdiction," alleging that he had made two protected disclosures: (1) his statement in his January 2015 district court brief, alleging that certain agency officials lied under oath; and (2) his July 2018 complaint to OSC that the agency did not have an approved vacancy to which he could be assigned in 2015, and that the agency failed to disclose this information to the Board in the first MSPB appeal. S.A. 66. With respect to the personnel actions on appeal, Keys' jurisdictional statement only identified the February 2015 reassignment. S.A. 66. Keys, however, had attached the November 2018 communication from OSC, which stated that Keys "contend[s] that the reassignment coerced [his] resignation in retaliation for [his] disclosures about agency officials lying in litigation." *Keys I*, 2019 MSPB LEXIS 3462, at *4–5. The AJ interpreted this additional document as a suggestion that there were two personnel actions at issue: (1) Keys' reassignment and (2) Keys' constructive removal. *Id.* at *5–6.

On December 21, 2018, the agency filed a motion to dismiss for lack of jurisdiction. S.A. 71. With respect to Keys' constructive removal claim, the agency argued that the claim was barred by collateral estoppel based on the Board's decision in the first MSPB appeal. S.A. 75–77. With respect to Keys' reassignment claim, the agency argued that Keys failed to establish MSPB jurisdiction because he failed to make a nonfrivolous allegation that he made a protected disclosure or that his alleged protected disclosures were a contributing factor to his reassignment. S.A. 79–82, S.A. 85–87. The agency also argued that Keys failed to exhaust his administrative remedies for his appeal because he did not prove that he provided specific details to OSC about his alleged protected disclosures. S.A. 77–79. In response, Keys argued that collateral estoppel should not apply to his constructive discharge claim

because the issue on appeal was not related to his alleged involuntary resignation. S.A. 117–118. Keys also insisted that there was no deficiency regarding his protected disclosures because he "provided all information to OSC," including the "date of the disclosure, court in which [the] disclosure was filed, [and] a copy of the brief." S.A. 118–119. Finally, Keys argued that he appropriately exhausted all administrative remedies because "[OSC] never sent a reply stating they did not have sufficient information to investigate." S.A. 119.

On September 13, 2019, the AJ issued an initial decision dismissing Keys' appeal for lack of jurisdiction. First, the AJ held that Keys failed to establish, by a preponderance of the evidence, that he exhausted his administrative remedies for his two alleged protective disclosures before OSC. *Keys I*, 2019 MSPB LEXIS 3462, at *11–13. The AJ explained that, with respect to Keys' first protected disclosure (alleging that agency officials made false statements under oath), Keys failed to demonstrate by a preponderance of evidence that he provided OSC with sufficient information to pursue an investigation. *Id.* at *9–12. With respect to Keys' second protected disclosure (alleging in his July 2018 OSC complaint that the agency did not have an approved vacancy to which he could be reassigned in 2015), the AJ determined that Keys did not exhaust his remedy because he did not file any subsequent complaints alleging that the agency took personnel actions against him based on his July 2018 complaint. *Id.* at *12.[1]

---

[1] The AJ also determined that, to the extent Keys alleged that the reassignment was in retaliation for his July 2018 OSC complaint , Keys could not establish that the protected disclosure was a "contributory factor" because the disclosure occurred more than three years after the alleged retaliatory activity. *Id.* at *12–13.

The AJ then determined that, even if Keys could demonstrate exhaustion of remedies based on his first protected disclosure, the Board still lacked jurisdiction. The AJ found that Keys' constructive removal claim was barred by collateral estoppel because the Board in the first MSPB appeal had already considered whether Keys voluntarily resigned. *Id.* at \*14–17. The AJ also concluded that the Board lacked jurisdiction because Keys had not non-frivolously alleged that his protected disclosure was a "contributing factor" in the agency's reassignment decision. *Id.* at \*17–19. Keys had claimed that Mr. Bregón knew about his disclosure because Mr. Bregón's position would have made him aware of "any new issues" in EEO cases. *Id.* at \*19. But the AJ determined that this claim was "insufficient to demonstrate a nonfrivolous allegation of actual knowledge." *Id.* at \*19–20. Accordingly, based on her findings that Keys (1) failed to prove that he exhausted his administrative remedies; (2) was barred by collateral estoppel from litigating his constructive removal claim; and (3) failed to make a nonfrivolous allegation that his disclosure was a contributing factor to his reassignment, the AJ dismissed the appeal for lack of jurisdiction. *Id.* at \*21–22.

Keys did not petition the Board to review the AJ's initial decision and it became the final decision of the Board. Keys timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Keys argues that the Board's finding of no jurisdiction is erroneous because he exhausted his administrative remedies at OSC and he has alleged nonfrivolous allegations. As discussed further below, we agree with the Board that Keys' constructive removal claim is barred by collateral estoppel. Both parties now agree that Keys established jurisdiction and is entitled to a hearing with respect to his

reassignment claim, however.  We address each issue in turn.

### A.  Keys' Constructive Removal Claim is Barred by Collateral Estoppel

To the extent that Keys argues that his alleged constructive removal is a personnel action at issue, we agree with the Board that the claim is barred by the doctrine of collateral estoppel.[2]  We have previously held that the Board may give collateral estoppel effect to prior decisions in appropriate circumstances.  *See, e.g.*, *Mercer v. Dep't of Health and Human Servs.*, 4 Fed. Appx. 888, 891 (Fed. Cir. 2001); *Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996).  Collateral estoppel applies when: (1) the issue in the prior proceeding is identical to the one now presented; (2) the issue was actually adjudicated in the prior case; (3) the determination of the issue was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action.  *Mintzmyer*, 84 F.3d at 423.

Keys unsuccessfully litigated the same constructive removal issue in the first MSPB appeal.  S.A. 89–93.  The Board considered whether Keys' resignation was actually voluntary, and its ultimate determination was the primary reason for the dismissal of the prior appeal.  *Id.*  Neither party disputes that Keys was fully represented in the prior action.  Accordingly, we agree that collateral estoppel precludes Keys from again disputing whether his resignation was voluntary.

---

[2]    It is not clear, however, whether Keys disputes the collateral estoppel finding with respect to his constructive removal claim.  In fact, Keys seems to argue that the only issues filed with OSC in July 2018 related to "the illegal reassignment effective [sic] by [the] agency [as] a reprisal." Appellant Resp. to AJ Findings ¶ 14.

### B.  Keys Exhausted His Administrative Remedies for His 2015 Protective Disclosure and Made a Nonfrivolous Allegation Regarding His Reassignment Claim

"In addressing whether an employee has exhausted his OSC remedies, we look to his OSC complaint, as well as written correspondence concerning his allegations." *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1374 (Fed. Cir. 2016).  The employee must "articulate with reasonable clarity and precision [before the OSC] the basis for his request for corrective action under the WPA" such that OSC can "effectively pursue an investigation." *Id.* (quoting *Miller v. Merit Sys. Prot. Bd.*, No. 2015-3054, 626 Fed. Appx. 261, 267 (Fed. Cir. Aug. 6, 2015)).  Keys appeals the Board's finding that Keys did not exhaust his administrative remedies for his protected disclosures.  Keys asserts that "all documentation was submitted to OSC" such that OSC had sufficient information to investigate his claims.  Appellant Informal Br., Resp. to AJ Harrell's Analysis and Findings ¶ 9.

The Board, however, does not dispute that Keys sufficiently exhausted his OSC remedies based on his first protected disclosure—his allegation in the January 2015 district court brief that agency officials made false statements under oath.  The Board now admits that Keys' disclosure sufficiently allowed OSC to initiate an investigation into his claim.  Appellee Resp. Br. 21 ("The MSPB now believes that the petitioner's statement in his rebuttal to the agency's motion to dismiss that he did provide the brief to OSC was sufficient to meet his evidentiary burden.").  The Board further concedes that Keys' disclosure "provided detailed enough information to allow OSC to investigate his claim that he was reassigned for

disclosing [that] Mr. Bregón and other agency officials lied under oath, thereby exhausting that disclosure."[3] *Id.*

Furthermore, although the Board originally determined that Keys failed to make a nonfrivolous allegation that his disclosure was a contributing factor to his reassignment, the Board now admits that such a finding was erroneous. Appellee Informal Br. 21–22 ("[T]he MSPB now believes the petitioner made a nonfrivolous allegation that Mr. Bregón had knowledge of the disclosure prior to making the decision to reassign the petitioner."). The Board states that Keys' statement in the 2015 district court brief "contained sufficient detail about the nature of Mr. Bregón's position such that, assuming all allegations were true, a reasonable fact finder could properly infer Mr. Bregón was aware of the petitioner's district court disclosure at the time of the reassignment." Appellee Informal Br. 22.

Accordingly, we conclude that the Board's findings that Keys failed to exhaust his administrative remedies based on his statement in the January 2015 district court brief and that Keys failed to make a nonfrivolous allegation that

---

[3]    The Board maintains, however, that Keys did not sufficiently exhaust his administrative remedies for his second protected disclosure—Keys' 2018 OSC complaint. We agree. As the AJ's initial decision noted, there was no evidence that Keys filed subsequent OSC complaints based on his July 2018 complaint. S.A. 26–55, S.A. 66–70, S.A. 116-121. Keys' failure to exhaust his administrative remedies for his second protected disclosure, however, has no bearing on whether Keys can proceed on his reassignment claim because the Board admits that disclosure of Keys' 2015 district court brief to OSC was sufficient.

his disclosure was a contributing factor to the reassignment are erroneous.

### III. CONCLUSION

We find that the Board's determination that Keys' constructive removal claim is barred by collateral estoppel is not arbitrary, capricious, an abuse of discretion, or contrary to law or regulation. Both parties agree, however, that the Keys exhausted his administrative remedies for his January 2015 district court brief disclosure and that the Board's dismissal of Keys' reassignment claim is erroneous. Both parties ask the Court to remand Keys' reassignment claim for a hearing consistent with the representations in his 2015 brief. Appellee Informal Br. 22; Appellant Informal Reply Br. 4. For the foregoing reasons, we affirm the Board's decision regarding Key's constructive removal claim but reverse the Board's decision regarding Keys' reassignment claim and remand for further proceedings.

**AFFIRMED-IN-PART, REVERSED-IN-PART, AND REMANDED**