NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL D. ORAM, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2020-2304, 2020-2305

---

Petitions for review of the Merit Systems Protection Board in Nos. AT-1221-20-0566-W-1, AT-0752-20-468-I-1.

---

Decided:  May 5, 2021

---

CYRIL D. ORAM, JR., Bellingham, WA, pro se.

DeANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before REYNA, SCHALL, and STOLL, *Circuit Judges*.

PER CURIAM.

Cyril D. Oram appealed his separation from federal employment alleging that it was an involuntary resignation and amounted to reprisal for his protected whistle-blowing activity. The Merit Systems Protection Board dismissed Mr. Oram's appeal for lack of jurisdiction. Mr. Oram now petitions for review before this court. For the reasons below, we affirm the Board's decision.

BACKGROUND

Mr. Oram was initially employed in Japan by the Department of the Navy ("Navy") as a GS-12 Information Technology Specialist ("ITS"), effective May 1, 2017. *Oram v. Dep't of Commerce*, M.S.P.B. No. AT-0752-20-0468-I-1, 2020 WL 4048443 (Initial Decision, July 15, 2020); S.A. 2.[1,2] On October 29, 2017, Mr. Oram transferred to the Department of the Army ("Army"), in the same position, as a GS-11 subject to a two-year probationary period. S.A. 2. Mr. Oram was subsequently terminated during his probationary period effective July 27, 2018. *Id.*

Just prior to the effective date of his termination, Mr. Oram filed a complaint with the Office of Special Counsel ("OSC") complaining that his termination resulted from certain whistleblowing activities. *Id.* In August 2018, pursuant to a settlement agreement, Mr. Oram's removal action was expunged and his transportation costs to the United States, up to the statutory limit, were covered. *Id.* Mr. Oram agreed to exercise his return rights to his previous GS-12 position with the Navy in Norfolk, VA. *Id.*

---

[1]    The Initial Decision became final on August 19, 2020 because the parties did not petition for administrative review. S.A. 16.

[2]    Citations to "S.A. __" refer to pages of the supplemental appendix appended to respondent's responsive brief.

However, Mr. Oram never returned to his position with the Navy. *Id.*

Instead, on August 9, 2018, the Census Bureau of the U.S. Department of Commerce ("Census Bureau") made an offer to Mr. Oram of a GS-12 ITS position in the Atlanta Regional Census Center, which Mr. Oram accepted. Mr. Oram was first scheduled to start on the pay period beginning in early September, but his start date was delayed until September 30, 2018, due to a funding issue. S.A. 43–47. Because the Census Bureau needed additional time to complete Mr. Oram's background check, his start date became November 13, 2018. S.A. 3.

On November 12, 2018, Mr. Oram informed the Census Bureau that he would need to "withdraw from consideration" unless he could take Family and Medical Leave Act ("FMLA") leave at the start of his appointment (November 13, 2018) due to a medical emergency in the family. *Id.* The Census Bureau notified Mr. Oram that his FMLA request was denied because he was not an employee. *Id.*; S.A. 60. The Census Bureau also accepted his withdrawal from consideration. S.A. 60. Subsequently, on January 15, 2019, the Census Bureau sent a letter to Mr. Oram indicating that Mr. Oram had himself declined further consideration under the previous job offer for the Atlanta ITS position. S.A. 3; S.A. 58.[3]

On April 24, 2020, Mr. Oram filed an appeal alleging that the Census Bureau forced him to resign by denying his request for FMLA leave. S.A. 3. In a subsequent pleading, Mr. Oram stated that he intended his appeal to be construed as an individual right of action ("IRA") appeal,

---

[3]    Mr. Oram alleged before the Board that the January 15, 2019 letter from the Census Bureau resulted in a retroactive and constructive resignation, effective some date prior to January 15, 2019. S.A. 10.

noting that OSC had terminated its investigation into a complaint he filed in July 2018, just prior to his initial termination with the Army, and that he filed his involuntary resignation appeal at the Board within sixty days of receiving the OSC's April 9, 2020 closure letter.  S.A. 83.

On July 15, 2020, the Merit Systems Protection Board ("Board") determined that Mr. Oram did not have statutory appeal rights because he was not an "employee" under 5 U.S.C § 7511(a)(1) and had no regulatory appeal rights under 5 C.F.R. §§ 315.804–06.  S.A. 5–11.  Thus, the Board concluded that it could not decide whether Mr. Oram's alleged resignation was involuntary.  In addition, the Board found that Mr. Oram did not establish jurisdiction over his whistleblower claim because Mr. Oram did not make any protected disclosures alleging violation of law, rule, or regulation prior to the date on which the Census Bureau denied his FMLA request.  S.A. 14–15.  The Board also made an alternative finding that even if Mr. Oram's alleged whistleblowing disclosure amounted to protected disclosure, Mr. Oram did not show that he raised and exhausted it with the OSC.  S.A. 15.  Accordingly, the Board dismissed Mr. Oram's appeal.

Mr. Oram now petitions for review of the Board's decision.  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

We must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).  We decide de novo whether the Board has jurisdiction, while accepting the Board's findings of

fact if they are supported by substantial evidence. *Parrott v. M.S.P.B.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

### A

The Board has limited jurisdiction under 5 U.S.C. § 7701. An involuntary resignation constitutes a constructive removal that is appealable to the Board. *Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996). But, while removal from employment in the service is appealable, it is generally appealable only if an individual qualifies as an "employee" under 5 U.S.C. § 7511(a)(1) at the time of removal. *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002).

Under § 7511(a)(1) subsection (A), an individual in the competitive service is an "employee" if he is "not serving a probationary or trial period under an initial appointment" or "has completed 1 year of current continuous service." "Current continuous service" refers to a period of employment immediately preceding an adverse action without a break in federal civilian employment of a workday. 5 C.F.R. § 752.402.

Under § 7511(a)(1) subsection (B), an individual in the excepted service is an "employee" if the individual is "preference eligible"[4] and "has completed 1 year of current continuous service in the same or similar positions . . . in an Executive agency . . . ."[5]

---

[4] "Preference eligible" is defined in 5 U.S.C. § 2108(3) to include veterans who are disabled or who served on active duty during certain specified time periods or in military campaigns.

[5] Since it is undisputed that Mr. Oram was preference eligible, § 7511(a)(1)(C), which is directed toward "individuals in the excepted service (other than a preference eligible)," has no bearing on this appeal.

Furthermore, a regulatory right of appeal set forth in 5 C.F.R. § 315.806 has been provided for probationary employees in the competitive service that have been (1) terminated for post-appointment reasons who make a non-frivolous allegation that the agency's action was based on partisan political reasons or marital status discrimination, or (2) terminated for pre-appointment reasons who make a non-frivolous allegation that the agency did not follow regulatory procedures. *See* 5 C.F.R. §§ 315.804–06.

Mr. Oram argues that the Board failed to consider that he had a history of service and was technically an employee because he was merely transferring between federal agencies. Petitioner's Inf. Br. 2; *see also* S.A. 93–99. Mr. Oram also argues that he showed up for duty on September 30, 2018, which was his original start date, but was told he could not start because his background check was not yet complete. Petitioner's Inf. Br. 8. Mr. Oram further contends that the background check, which further delayed him, was unauthorized because he had an existing active clearance and executive agencies are mandated to provide reciprocity across agencies. *Id.*; *see also* S.A. 93–99. Because we do not have jurisdiction over this appeal, we are not able to resolve the arguments Mr. Oram makes.

The Board concluded that Mr. Oram did not have statutory appeal rights because he was not an "employee" under 5 U.S.C § 7511(a)(1). Specifically, Mr. Oram was not a competitive service "employee" with adverse action appeal rights under § 7511(a)(1)(A) because he was serving a two-year probationary period with an agency under the Department of Defense when he resigned from Federal civilian employment before January 15, 2019. S.A. 8–11. In addition, the Board found Mr. Oram was not an "employee" under section § 7511(a)(1)(B), which applies to preference eligible employees in the excepted service, because Mr. Oram never entered on duty to the excepted service ITS position with the Census Bureau. S.A. 6–8. Last, the Board found that Mr. Oram had no regulatory right of

appeal under 5 C.F.R. §§ 315.804–06, which grants limited appeal rights to probationary employees terminated from the competitive service. S.A. 11. We agree.

Mr. Oram was at no time employed by the Census Bureau. While it is true that the Census Bureau made an offer of employment to Mr. Oram, and that his start date was originally on September 30, 2018, his start date was delayed to allow for completion of a background check. A hiring agency is permitted to conduct background checks even for temporary employees "as it deems appropriate to ensure the suitability of the person." 5 C.F.R. § 731.104(c); *see also* S.A. 6 n.5. He was made a final offer on November 1, 2018, to start that month, but effectively declined to accept the offer unless his request for FMLA leave was granted. S.A. 6–7. The Census Bureau confirmed on November 13, 2018, and January 15, 2019, that Mr. Oram was withdrawing from consideration. There is no evidence of record indicating that Mr. Oram was ever formally appointed to the Census Bureau. Accordingly, we affirm the Board's finding that Mr. Oram was not an "employee" under section § 7511(a)(1)(B).

Further, because Mr. Oram was never formally appointed to the Census Bureau, he would have been still employed by the Army until he resigned. However, because he was an individual serving a two-year probationary period in the Army, he was not a competitive service "employee" with adverse action appeal rights under § 7511(a)(1)(A). Accordingly, we conclude that Mr. Oram was not an employee as contemplated by § 7511(a)(1) and, therefore, the Board did not have jurisdiction over Mr. Oram's involuntary resignation appeal.

Mr. Oram further failed to non-frivolously allege constructive termination for purposes of 5 C.F.R. §§ 315.804–06, for reasons similar to those set forth above. Namely, Mr. Oram was never employed by the Census Bureau and thus the it could not have terminated his

employment.  Rather, Mr. Oram was offered a position but then withdrew from consideration.  Therefore, the Board also lacked jurisdiction over Mr. Oram's involuntary resignation appeal under the aforementioned regulatory provisions.

B

Under the Whistleblower Protection Act, as amended by the Whistleblower Protection Enhancement Act, the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes non-frivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Dep't of Interior*, 123 M.S.P.R. 230, 233 (M.S.P.B. Feb. 22, 2016); *see also* 5 U.S.C. §§ 1221(e)(1), 2302(b)(8), 2302(b)(9).

With respect to his whistleblowing claim, Mr. Oram argues that his appeal should have been construed as an IRA because he filed a complaint with the OSC and the OSC had terminated its investigation on April 9, 2020.  S.A. 83; *see also* S.A. 42–48.  Thus, he argues, he timely filed his involuntary resignation appeal within the sixty-day filing limit after receiving OSC's closure letter.  *Id.*

A review of an appellant's allegations is limited to the precise grounds of his charge, sufficiently pled to the OSC, and cannot be extended to recharacterizations of his charges, or additional allegations.  5 U.S.C. § 1214(a)(3); *see Ward v. M.S.P.B*, 981 F.2d 521, 526 (Fed. Cir. 1992).  An appellant bears the burden of proving he exhausted his administrative remedies with the OSC by preponderant evidence.  5 C.F.R. § 1201.57(c)(1).  The Board issued an IRA jurisdictional order requesting that Mr. Oram provide a

copy of his OSC complaint. S.A. 4. Mr. Oram failed to provide a copy of the complaint and instead provided only the closure letter dated April 9, 2020. *Id.* Based on the contents of the letter, the Board concluded that the only personnel action the appellant raised with OSC involved the Census Bureau's decision not to grant Mr. Oram's request for FMLA leave because he was not an employee. We agree.

Mr. Oram failed to provide any evidence of the precise alleged protected disclosures that he raised before the OSC, despite the Board's explicit jurisdictional order requesting the same. Accordingly, we find that Mr. Oram failed to demonstrate OSC exhaustion and, therefore, the Board did not have jurisdiction over his IRA appeal.

## CONCLUSION

We have considered Mr. Oram's other arguments but find them unpersuasive. Accordingly, we affirm the Board's decision dismissing his appeal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.