UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LORI HOFFMAN,

        Appellant,

        v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
SF-0752-17-0432-I-1

DATE: February 22, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lori Hoffman</u>, Pinehurst, North Carolina, pro se.

<u>Winston D.M. Ling</u>, Esquire, Fort Shafter, Hawaii, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's finding that the appellant was not misinformed by the agency, we AFFIRM the initial decision.

¶2      The appellant previously served as a civilian employee at the agency's Fort Shafter, Hawaii base. Initial Appeal File (IAF), Tab 4 at 4. She decided to move her family from Hawaii to the continental United States for financial reasons, and she discussed her intent with her first- and second-level supervisors. *Id*. After being unable to find a suitable Federal Government position, she accepted a private-sector position with a defense contractor in North Carolina. *Id*. The appellant resigned from Federal Service after her second-level supervisor denied her request to be placed in leave without pay (LWOP) status for 1 year while she simultaneously worked for the defense contractor. *Id*. She filed a complaint with the Office of Special Counsel (OSC) and subsequently an individual right of action (IRA) appeal with the Board alleging that the agency had denied her LWOP request (forcing her to resign) because of her whistleblowing disclosures and other activity. IAF, Tab 1 at 1; *Hoffman v. Department of the Army*, MSPB Docket No. SF-1221-17-0331-W-1, Initial Appeal File (W-1 IAF), Tab 1. Following a conference in which the appellant stated that she had involuntarily resigned as a result of misleading information concerning the approval of her

LWOP request, the administrative judge docketed this separate appeal.[2] Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 8. She found that the appellant had failed to allege facts that established that she was provided misinformation or that a reasonable person would have been misled by her first-level supervisor's general support of her intention to use LWOP when they discussed her search for a new position in the continental United States 5 months prior to her accepting a job with a private contractor. ID at 7-8.

¶3    On petition for review, the appellant asserts that "[f]acts were not stated clearly" in the initial decision and "therefore appear to have been misinterpreted by the [administrative] judge." Petition for Review (PFR) File, Tab 1 at 4. She argues that her January 2015 request for 1 year of LWOP was not a "[g]eneralized informal discussion of possibilities," as characterized in the initial decision, but

---

[2] An appellant may pursue an involuntary resignation claim as a personnel action in an IRA appeal. *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 & n.5 (2014) (overruling *Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶ 9 n.2 (2010)). Generally, when an appellant has been subjected to an appealable action that she believes was taken because of whistleblowing or other protected activity, and she first seeks corrective action before OSC, she may not later contest the matter as an appeal to the Board under 5 U.S.C. § 7701, but rather can only pursue the reprisal claim before the Board in an IRA appeal. *See* 5 U.S.C. § 7121(g); *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 15-16 (2016). However, the decision to seek corrective action before OSC when, as here, an appellant has not made a knowing and voluntary election of remedies is not a binding election that precludes a separate constructive removal appeal while contesting the remaining personnel actions in her IRA appeal. *See Corthell*, 123 M.S.P.R. 417, ¶ 17; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 18 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. The appellant has not been prejudiced by the docketing of her involuntary resignation claim as a separate appeal rather than considering it as part of her IRA appeal. In either case, one aspect of the appellant's jurisdictional burden would be to make a nonfrivolous allegation that her resignation was tantamount to a constructive removal. W-1 IAF, Tab 7 at 2; *see Mintzmyer v. Department of the Interior*, 84 F.3d 419, 423 (Fed. Cir. 1996); *Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶ 13 (2001). As discussed in this Final Order, the administrative judge correctly found that the appellant failed to make such an allegation.

rather her first-level supervisor "verbally approved" the request at that time. *Id*.; ID at 7. She acknowledges, however, that she did not submit a Standard Form 52 (SF-52) requesting LWOP at that time because "the requirement and dates would have been purely speculative." PFR File, Tab 1 at 4. She argues that "no reasonable person would" undertake logistical steps including terminating a residential lease and securing a new lease in another state prior to requesting LWOP when they would not do so "if LWOP were to be disapproved." *Id*. Finally, she asserts that the administrative judge did not explain why her argument that her second-level supervisor lacked the legal authority to deny her LWOP request was unpersuasive. *Id*. at 4-5.

¶4      When there is a claim that an involuntary resignation resulted from misinformation, an appellant must show that (1) the agency made misleading statements and (2) she reasonably relied on the misinformation to her detriment. *See Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574-75 (Fed. Cir. 1983); *Salazar v. Department of Army*, 115 M.S.P.R. 296, ¶ 9 (2010). An appellant may meet this burden by showing that a reasonable person would have been misled by the agency's statements, regardless of any intent or lack of intent to deceive on the part of the agency. *Covington v. Department of Health and Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984); *Scharf*, 710 F.2d at 1575. An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations[3] of Board jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). As the administrative judge correctly determined, the appellant failed to make a nonfrivolous allegation that she was provided misinformation by the agency regarding her ability to take LWOP for 1 year while working for a private defense contractor or that a reasonable person would have been misled by the information provided. ID at 5-8.

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶5      The administrative judge erred, however, to the extent that she weighed the evidence at the jurisdictional stage of the appeal in finding that the appellant was not misinformed by her first-level supervisor "when he indicated he would support her decision to relocate from Hawaii." ID at 6; *see Ferdon*, 60 M.S.P.R. at 329 (finding that, although the Board may consider the agency's documentary submissions in determining whether the appellant has made a nonfrivolous allegation, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties). Therefore, we vacate that finding. Nevertheless, we have considered the allegations in the appellant's jurisdictional responses and agree with the administrative judge that a reasonable person would understand that obtaining employment with a private-sector contractor could create a conflict, as acknowledged in the appellant's own pleadings, and that a decision such as approval of extended LWOP cannot be made "in a vacuum" several months before determining the specific details. ID at 7-8; IAF, Tabs 4-5, 7. We find that the appellant failed to nonfrivolously allege that the agency made misleading statements regarding her request for 1 year of LWOP. *See Covington*, 750 F.2d at 942 (noting that the Board uses an objective standard to determine voluntariness, not the appellant's purely subjective evaluation); *Scharf*, 710 F.2d at 1575. The appellant also failed to nonfrivolously allege that she reasonably relied on the purported misinformation to her detriment in accepting a private contractor position and making plans to relocate prior to submitting the SF-52 request. *See Covington*, 750 F.2d at 942. Because the appellant has not presented nonfrivolous allegations of Board jurisdiction, she is not entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

¶6      The appellant asserts that the agency failed to comply with her discovery requests. PFR File, Tab 1 at 5-6. Because she did not file a motion to compel below, the appellant is precluded from raising this discovery issue for the first

time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶7    Accordingly, we deny the petition for review and affirm as modified the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.